TENEY WRIGHT et al. v. STATE.

No. A-5573. Opinion Filed Sept. 8, 1926.
(249 Pac. 356.)

Johnston & Paddock, for plaintiffs in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Noble county on a charge of transporting liquor, each sentenced to pay a fine of $400 and to serve a term of 4 months in the county jail.

From the record it appears that theretofore the officers of Noble county had discovered a still and mash concealed in a secluded place in heavy timber, near the Arkansas river, at a point where an unfrequented road led near the river and there terminated. A few nights later they drove to the vicinity, concealed themselves, and lay in wait to discover the owner. After dark, while concealed, they saw the car of defendants drive into the timber toward the still, and a short time afterwards saw it returning. They hailed the car and there followed a crash of the breaking jugs; when they arrived at the car they found upon the ground the remains of some 8 or 10 jugs, and the ground was wet with whisky. They thereupon arrested the defendants, some one of whom made a statement that it was too bad to destroy such good liquor. The still was not far away, with a fire burning and the mash warm. Defendants testified that they had purchased the whisky from a stranger, who was just delivering it to them when the officers arrived. Defendant Wright testified that he broke the jugs; that the person from whom they were buying the whisky had escaped at the approach of the officers.

It is first argued that there was error in denying defendants their right of peremptory challenge. It appears, however, that some days before the trial the county attorney and counsel for defendants had agreed that the jury might be excused, except 6 men who would try this case. But at the beginning of the trial defendants claimed the right of peremptory challenge. The court held that by the agreement the right of peremptory challenge had been waived, but extended the right to challenge for cause. No challenge for cause was interposed, and the examination of the jurors shows them to be fair, competent jurors. The agreement between counsel for the discharge of the jury, except the 6 used, does not appear in the record. The fact of the agreement is not controverted, and, not being denied, no error is made to affirmatively appear, and it will not be presumed. It is also argued that the evidence is insufficient to sustain the verdict. Without further reviewing the evidence, we find it to be amply sufficient to sustain the verdict.

By supplemental brief, defendants' counsel argue that under the evidence the punishment is excessive. It is shown that the defendants had not before been charged with a violation of the law; we are of the opinion that the punishment is excessive. As to each defendant, it will be modified to a fine of $200 and confinement in the county jail for a period of 60 days, and, as so modified, the judgment is affirmed.

BESSEY, P. J., and DOYLE, J., concur.